IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| FAIRCHILD SEMICONDUCTOR CORPORATION, ET AL. | § | |
| VS. | § | CIVIL ACTION NO. 2:06-CV-151 |
| POWER INTEGRATIONS, INC. | § | |

## MEMORANDUM OPINION AND ORDER

The court grants in part and denies in part Power Integrations, Inc.'s motion to dismiss or, in the alternative, to transfer this case to Delaware (#20).

On October 20, 2004, Power Integrations, Inc. ("Power Integrations") sued Fairchild Semiconductor International, Inc. and Fairchild Semiconductor Corporation (collectively, "Fairchild") for patent infringement in the District Court for the District of Delaware. In the Delaware litigation, Power Integrations asserts four patents against Fairchild. One of the patents is U.S. Patent No. 4,811,075 ("the '075 patent"). In the Delaware case, Fairchild contends that the '075 patent is invalid over U.S. Patent No. 5,264,719 ("the '719 patent"). With respect to the '719 patent, one of the disputes is whether it is prior art to the '075 patent.

Intersil Corporation ("Intersil") owns the '719 patent. During the pendency of the Delaware case, Fairchild Semiconductor Corporation acquired from Intersil "the sole and exclusive right, exclusive even as to Intersil, to enforce" the '719 patent against Power Integrations (and only Power Integrations). Intersil and Fairchild Semiconductor Corporation then filed the present suit in this court against Power Integrations, asserting infringement of the '719 patent.

Power Integrations has filed a motion in this court to dismiss the case for lack of standing or, alternatively, to transfer the case to Delaware under the first-to-file rule and/or 28 U.S.C. § 1404(a).[1] The court declines to reach the standing arguments. Instead, the court finds that this case should be transferred under the first-to-file rule.

There is a substantial overlap in parties. The real parties in interest to this case are Fairchild Semiconductor Corporation and Power Integrations. These parties are involved in the Delaware case. As a result, there is a substantial overlap, notwithstanding the addition of Intersil as a party plaintiff.

There is also a substantial overlap in the subject matter of the two suits. Like the Delaware case, the question of who was first to invent the technology in the '719 patent is presented in this case. In addition, in the Delaware case, Power Integrations will seek to prove that its products embody the claims of its '075 patent to show commercial success. Fairchild will likely accuse those same products of infringing the claims of the '719 patent in the present case. The issues in the two cases substantially overlap.

In view of the overlapping parties and subject matter, the Delaware court is the first-filed court. *Mann Mfg., Inc. v. Hortex*, 439 F.2d 403 (5th Cir. 1971). The court therefore grants in part and denies in part the defendant's motion to dismiss or, in the alternative, to transfer this case to Delaware (#14). The court transfers this case to the District of Delaware for the reasons assigned herein.

---

[1] As to the standing argument, Power Integrations contends that Fairchild is not an exclusive licensee and thus has no standing to sue on the '719 patent. In addition, Power Integrations contends that Intersil has no standing because, by virtue of the license, it conveyed away to Fairchild any right to sue Power Integrations.

SIGNED this 6th day of March, 2007.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE